## No. 8962.

### ALLEN, WEST & BUSH vs. SUN MUTUAL INSURANCE COMPANY.

Where the lessee of a plantation builds a ginhouse upon it under an agreement with his lessor that the latter shall buy the ginhouse and its appurtenances at the close of the lease at a price to be then agreed on, the lessee is owner of the ginhouse and has an insurable interest therein, and will recover on a policy therefor, the fire having occurred during the lease.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

---

*A. Goldthwaite* and *Branch K. Miller* for Plaintiffs and Appellants.

*Leovy & Kruttschnitt* for Defendant and Appellee.

The opinion of the Court was delivered by

MANNING, J. This suit is upon a policy of insurance for eighteen hundred dollars, the value of a gin-house, cotton-press, gin-stand engine, shafting and belting destroyed by fire. The value of the engine and boilers, $450, was eliminated from the demand on trial below, and it must submit to a further reduction because of the ¾ country clause.

The defence is a denial of ownership or any insurable interest in the insured, and nullity of the policy by reason of the failure to disclose the nature of his interest.

The plaintiffs are a firm of New Orleans, factors of S. & T. L. Morrow a planting firm of Tensas. The gin-house, etc. is on the Tensas plantation which was cultivated by the Morrows, and was insured by the plaintiffs for account of the planting firm.

The Morrows were cultivating the plantation under a lease. They built the gin-house, and their lessors were to buy it of them at a price to be agreed on at the termination of the lease. The fire occurred pending the lease.

There is testimony of a modification of this agreement, and of the impressions of the lessors of how the ownership stood or was to stand, and arguments thereon that if so and so was the agreement then the ownership was in this or that one, but both the Morrows state the agreement was substantially as above, and they had the best means of knowing what it was.

Upon the ascertainment of this fact the defence collapses. The Morrows had an insurable interest and had truthfully disclosed it.

It is therefore ordered and decreed that the judgment of the lower court is reversed, and that the plaintiffs now have judgment against the defendant for one thousand and twelve 50-100 dollars with legal interest from judicial demand and for costs of both courts.

Rehearing refused.