RACO CORPORATION *v.* ACME-GOODRICH, INC.

[No. 18,594. Filed May 9, 1955. Rehearing denied June 10, 1955. Transfer denied January 10, 1956.]

*Stump & Emswiller,* of Indianapolis, for appellant.

*Freeman Bradford,* of Indianapolis, for appellee.

### ON PETITION TO TRANSFER

ACHOR, J.—Although we concur in the result reached by the Appellate Court, we do not approve the reasoning of that court upon one particular issue. The appellant-lessee asked damages against appellee, a purchaser from lessor for an alleged breach of the following agreement in the lease:

> "That in the event said premises are offered for sale the party of the second part shall have the first right to accept the offer of the party of the first part."

The Appellate Court denied liability on the part of the purchaser upon the theory that such a covenant did not run with the land but was personal to the lessor-vendor only.

While it is true as a general rule that until there has been an offer by lessor, creating an option and an ac-

ceptance by lessee there is, as stated by the Appellate Court, "no additional interest *in praesenti* in the land itself" which can be conveyed by him or reached by his heirs or creditors, nevertheless there is substantial authority which holds that, "A provision in a lease giving the lessee the first privilege of purchasing constitutes a covenant running with the land, . . ." 51 C. J. S., §80 (a), page 633, Tiffany, Landlord and Tenant, Vol. 1, §149 (2) and (3) ; *Nu-Way Service Stations* v. *Oil Co.* (1937), 283 Mich. 551, 278 N. W. 683; *Hudson Amusement Co.* v. *Smith* (1945), 17 Ohio Supp. 123, affirmed, App., 65 N. E. 2d 881; *Stone* v. *Tigner* (1942), (Texas Civ. App.) 165 S. W. 2d 124; error refused.

Also it has been stated that, ". . . Where proper notice and opportunity to the lessee have not been given, a purchaser from the lessor will be in no better position than the lessor, since the purchaser, seeing the lessee in possession, could have ascertained the lessee's rights by inquiry. . . ." 51 C. J. S., §80 (b), page 633; *Driebe* v. *Fort Penn. R. Co.* (1938), 331 Pa. 314, 200 A. 62, 117 A. L. R. 1091.

Furthermore, in the case before us the lease provided that "all parties to this lease agree that the covenants and agreements contained herein shall be binding upon, apply and inure to their respective heirs, executors, administrators and assigns." Under the circumstances of this particular case, we conclude that the covenant under discussion ran with the land.

However, a decision upon the above question is not necessary to an adjudication of this case. The evidence is undisputed that a year before the property was sold, Pritchard, the lessor-vendor, offered the property to appellant at the very price for

which it was sold. In response to this offer, appellant indicated it was "not interested." Under the facts thus presented, the trial court could reasonably and evidently did conclude that appellant had in fact been given "the first right to accept the offer of the party of the first part" as provided in the lease, which it had not accepted and that, therefore, there was no breach with regard to this particular agreement of the lease.

Petition to transfer is therefore denied.

Bobbitt, C. J., Arterburn, Emmert, Landis, JJ., concur.

NOTE.—Reported in 131 N. E. 2d 144.