**Kenneth F. BERNHARDT (Plaintiff), Respondent,**

v.

**BOEUF & BERGER MUTUAL INSURANCE COMPANY, a corporation (Defendant), Appellant.**

No. 30149.

St. Louis Court of Appeals.

Missouri.

Jan. 6, 1959.

Theodore P. Hukriede, Washington, for appellant.

Dearing, Richeson & Weier, Samuel Richeson, Hillsboro, for respondent.

ANDERSON, Judge.

This is an action on a policy of insurance issued by the defendant to plaintiff wherein defendant insured a building then being built by plaintiff against "all direct loss and damage by fire, hail, lightning, explosion, riot attending strike, civil commotion, aircraft, vehicles, smoke." The evidence shows that the building in question was damaged when a bulldozer being used in connection with the construction ran into said building. There was a verdict and judgment for plaintiff in the sum of $5,000. From this judgment, defendant has appealed.

On this appeal it is contended that defendant's motion for a directed verdict should have been sustained for the reason the evidence showed that plaintiff had no insurable interest in the house in question. It is also contended that the court erred in the admission of certain evidence.

The evidence shows that the house in question was being erected by plaintiff on land that belonged to plaintiff's mother. Plaintiff and his mother lived together, and it was contemplated that they would live in the new house when it was completed. The evidence further shows that the mother promised that when the house

was completed she would convey the land on which the house was situated to plaintiff. The house was not completed when the bulldozer ran into it, causing the damage for which plaintiff brought this suit.

The collision occurred when one of the workmen was "back-filling" earth against the foundation walls. No question is raised as to the amount of the damages assessed, or that the bulldozer was a vehicle within the meaning of the policy. Plaintiff went into possession of the land in question and expended approximately the sum of $8,861.83, $4,000 of which he borrowed from his mother. There was testimony that the house in its then stage of construction was worth from $9,000 to $10,000. The evidence further shows that after it was damaged by the bulldozer the value of the house was reduced to $4,000 or $5,000.

■ The general rule is that anyone has an insurable interest in property who derives a benefit from its existence or would suffer a loss from its destruction. 44 C.J.S. Insurance § 180, page 876; American Central Ins. Co. v. Kirby, Mo. App., 294 S.W.2d 556.

■ In view of all the facts and circumstances in this case we are of the opinion that insured had an insurable interest in the house in question. 44 C.J.S. Insurance § 180, page 876; American Central Ins. Co. v. Kirby, Mo.App., 294 S.W.2d 556; Mutual Fire Ins. Co. of Montgomery County v. Owen, 148 Md. 257, 129 A. 214. In the latter case, the insured built a house on land belonging to his ward, a minor. At the time, the minor agreed that when he became of age he would convey the land on which the house stood to the plaintiff. It was also agreed that the insured might remove the house from the land. Neither agreement was binding on the ward, since he was a minor. The court there held that the guardian had an insurable interest in the house and, after its destruction by fire, could recover on a policy of fire insurance.

In affirming a judgment for plaintiff, the court said: (129 A. loc. cit. 217)

"It seems to be established that one who has built on the land of another, with that other's permission, has an insurable interest in the improvements thus built. Fletcher v. Commonwealth Ins. Co., 18 Pick. (Mass.) 419; Fireman's Fund Ins. Co. v. Gatewood, 10 Ky.Law Rep. 117; Southern Ins. & Trust Co. v. Lewis & Brothers, 42 Ga. 587; Hope Mutual Ins. Co. v. Brolaskey, 35 Pa. 282; Allen v. Sun Mutual Ins. Co., 36 La.Ann. 767, 38 L.R.A.,N.S., 429, note; Joyce on Insurance, Vol. 2, par. 961a; 26 C.J. 182."

We rule the point against appellant's contention.

■ The testimony of which appellant complains was that given by plaintiff in detailing conversations with his mother in which she agreed to loan the plaintiff $4,000 and convey the land upon which the house was to be erected to plaintiff upon completion of the building. The objection interposed was that the testimony amounted to a mere self-serving declaration. There is no merit to this contention. A self-serving declaration within the rule excluding same is one made by a party in his own interest at some place and time out of court, and does not include testimony which he gives as a witness at the trial. 31 C.J.S. Evidence § 216, page 952; Dawson v. Davis, 125 Conn. 330, 5 A.2d 703; Marshall v. Motten, Mo.App., 224 S.W. 8; Welch v. Thomas, 102 Mont. 591, 61 P.2d 404; Powerine Co. v. Grimm Stamp & Badge Co., 127 Neb. 165, 254 N.W. 722; Brosnan v. Boggs, 101 Or. 472, 198 P. 890.

■ The evidence was relevant and material as showing the character of plaintiff's possession and of his right to build on the land in question. When the right to enter into possession is not evidenced by a written instrument, but rests in parol,

any evidence tending to prove that right should be regarded as admissible. We need not pass upon the question as to whether there was a binding contract by plaintiff's mother to convey this land upon completion of the building so as to create in plaintiff an equitable estate in the land. Even if it were not binding upon the mother for lack of consideration, she could not repudiate her agreement without according plaintiff the right to remove the house which was built on the land in reliance of her promise to convey the land to plaintiff upon completion of the building. Mutual Fire Ins. Co. of Montgomery County v. Owen, 148 Md. 257, 129 A. 214.

Finding no reversible error in the record, the judgment is affirmed.

RUDDY, P. J., and WOLFE, J., concur.