PAUL D. HARRIS *v.* STATE OF INDIANA.

[No. 1-173A2. Filed October 25, 1973.]

■■■■■■■■■■■■■■■■■■■■■■■■■■,

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

*Robert Howard Brown*, of Terre Haute, for appellant.

*Theodore L. Sendak*, Attorney General, *Larry C. Gossett*, Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Harris) was charged by an affidavit in two counts. Harris successfully moved for a directed verdict at the close of the state's evidence on the first count. Harris then rested without presenting evidence, and was found guilty by a jury of conspiracy to commit a felony.

In view of the result reached by this court, it shall be necessary to discuss but one assignment of error, i.e.: Was the statement by the prosecuting attorney during final argument that the defendant had offered no testimony so prejudicial as to dictate a new trial? We are of the opinion it was. The colloquy giving rise to the issue begins in closing argument when the prosecuting attorney said:

> "In conclusion, I would not be honest if I didn't compliment Mr. Brown [Harris' defense counsel] on the way he's handled this case. You will remember that he rested his case with no testimony —.
> MR. BROWN: Now, your Honor, at this time, I certainly object—.
> JUDGE: Sustained.
> MR. BROWN: Would you ask the jury, please —.
> JUDGE: Would counsel approach the bench?
> MR. BROWN: — to disregard that last comment?
> JUDGE: "Court would instruct the jury to disregard the statements of counsel."

There has been a long standing statutory prohibition against commenting on the failure of a defendant to testify. IC 1971 35-1-31-3, Ind. Ann. Stat. § 9-1603 (Burns 1956):

> ". . . if the defendant do [sic] not testify, his failure to do so shall not be commented upon or referred to in the

argument of the cause, nor commented upon, referred to, or in any manner considered by the jury. . . ."

Prior cases have construed this to mean absolute silence. *Long* v. *The State* (1877) 56 Ind. 182. The recent case of *Rowley* v. *State* (1972), 259 Ind. 209, 285 N.E.2d 646, reiterates this position. Justice DeBruler, speaking for a majority of the court, set forth the preferential test by which such prosecutorial remarks should be gauged as:

> "A more reasonable test, in our opinion, was stated in Williams v. Wainwright, 416 F. 2d 1042 (5th Cir. 1969), where the court stated that it is settled in both Federal and Florida law that: 'a comment made by a prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has been strictly regarded as an impingement on the substantial right of the defendant.' 416 F. 2d at 1043."

We are of the opinion that the prosecutor's remark in this case fails the foregoing test, and as a result impinged "the substantial right" of Harris.

The state argues that the court's admonition cured the error. It is true that reasonable and prompt action by the trial court can prevent the error from becoming harmful. *Keifer* v. *State* (1932), 204 Ind. 454, 184 N.E. 557. However, we are not inclined to approve the admonition in the instant case because of its inherent ambiguity as to whom and what the jury was to disregard. Moreover, the state's argument that the instruction by the court that "silence of the defendant does not and cannot imply guilt" was curative is not correct due to the fact that it occurs at a time too remote to be sufficient. See *Rowley* v. *State, supra*.

Judgment reversed and remanded with instructions to grant the defendant a new trial.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 302 N.E.2d 550.