**ERIE-HAVEN, INC., and France Stone Co., Appellants (Defendants Below),**

v.

**TIPPMANN REFRIGERATION CONSTRUCTION a/k/a Tippmann & Associates, an Indiana Partnership, Appellees (Plaintiffs Below).**

**No. 3–385A62**

Court of Appeals of Indiana, Third District.

Dec. 26, 1985.

---

John S. Knight, Parrish, Knight, Jackson & Beal, Fort Wayne, for appellants.

Max E. Hobbs, Fort Wayne, for appellees.

HOFFMAN, Judge.

Erie-Haven, Inc., and France Stone Company (Erie-Haven or lessor) appeal the judgment of the trial court dividing insurance proceeds between Erie-Haven and Tippmann Refrigeration Construction (Tippmann or lessee). The proceeds in issue were paid to Erie-Haven as indemnification for the fire damage to the building leased to Tippmann. Tippmann as lessee asserted a right to share in those proceeds.

This cause was previously before the Court on appeal of a summary judgment granted in favor of Erie-Haven. In *Tippmann Refrig. Const. v. Erie-Haven, Inc.* (1984), Ind.App., 459 N.E.2d 407, the Court determined that the insurance the lessor maintained on the property pursuant to the lease agreement was for the benefit of both parties and Tippmann as lessee was entitled to share in the proceeds. The Court further determined that the option to

purchase granted the lessee in the lease was not separate nor divisible from the lease and did not survive the termination of the lease after the fire. This prior Court of Appeals' decision is a prior ruling in the same case. It is therefore the law of the case by which we are bound in deciding the present issues.

By order of the Court in the prior decision, the case was returned to the trial court for appropriate division of the insurance proceeds. The proceeds totaled $79,594.14. The trial court awarded to Tippmann $57,546.56 plus pre-judgment interest in the amount of $12,196.71. The remainder of the proceeds Erie-Haven was awarded. The trial court made the following pertinent findings: the option in the lease was not material to the division; the building was basically a shell when leased to which lessee made substantial improvements; the basic building had a rental value of $275.00 at time of fire; the rental value of the improved structure was $993.00 at time of fire and the option price was $12,000.00. The court also found the proceeds due lessee were due as of March 31, 1982 when the insurer issued the check and awarded pre-judgment interest to prevent unjust enrichment. There was no finding nor evidence of the value of the building except as stated above. Erie-Haven appeals this division presenting, as restated, two issues [1] for review:

(1) whether the trial court erred in determining that the interest of the lessee was other than fair market value of the unexpired term of the lease; and

(2) whether the trial court erred in assessing pre-judgment interest on the proceeds awarded the lessee.

■■■■ On review, a general judgment will be affirmed if it can be sustained upon any legal theory by evidence introduced at trial. Special findings will be set aside only if they are clearly erroneous. In this case where the trial court entered special findings on its own motion, the issues not expressly found are reviewed as general judgment. *United Farm Bureau Mut. Ins. Co. v. Blanton* (1983), Ind.App., 457 N.E.2d 609, 611.

The lease between the parties provided in pertinent part:

"WHEREAS, Lessee desires to make certain improvements on said building and to receive credits therefor in connection with the purchase price in the event of the exercise of said option all of which is hereinafter set forth; and

WHEREAS, the Lessee is further willing to make certain improvements at his own expense without any adjustments or credits therefor which such improvements are generally hereinafter identified; and

\*       \*       \*       \*       \*       \*

3. *OPTION TO PURCHASE BUILDING:* As a part of the consideration herein, the Lessor grants to the Lessee an option to purchase the building generally described herein as an eight (8) bay garage for the sum of Twelve Thousand Dollars ($12,000), provided, however, that if said option is exercised in writing within twelve (12) months from the effective date of this Lease and provided further that in the event of the exercise of such option in the time and manner as hereinabove set forth, the Lessee shall be entitled to a credit on the purchase price of a sum equal to fifty percent (50%) of the rent paid during the first year. For example, in the event of the exercise of the option to purchase after three (3) full months of rental have been paid, there shall be a credit of Three Hundred Dollars ($300) on the purchase price of said building.

4. *IMPROVEMENTS BY LESSEE:* Lessee has indicated that it will install an interior concrete floor and loading dock

---

**1.** Appellant presents a third issue on appeal stated as: "(1) Does the interpretation that both parties are intended to benefit from lease provisions for insurance, maintained at lessor's expense, become invalid to the extent that it is not supported by the evidence pertaining to actual intent of the parties?" This issue is not addressed as this Court has previously considered the issue of who is to benefit from the insurance and has ruled on that issue in *Tippmann Refrig. Const. v. Erie-Haven, Inc., supra.*

at a cost of Two Thousand Five Hundred Forty Dollars ($2,540). In the event that Lessor terminates this Lease under Lessor's right of termination as hereinafter set forth, then, in such event, Lessee shall be entitled to be paid by Lessor in an amount equal to Forty-Two Dollars ($42) for each month of the unexpired term of this Lease. In the event that Lessee makes any other improvements which improvements must be made with the approval of Lessor, such improvements shall be at the sole risk of Lessee and Lessee shall not be entitled to any credit in the event of the cancellation or termination of this Lease under any circumstance.

\*    \*    \*    \*    \*    \*

7. *RIGHT OF LESSOR TO TERMINATE LEASE:* Notwithstanding anything to the contrary contained herein, Lessor reserves the right to terminate this Lease \* upon thirty (30) days written notice thereof and in the event of such termination, Lessee shall have the the first option to purchase the building being leased herein, provided, however, that Lessee is able to negotiate a suitable Lease with the railroad for such land as might be required by Lessee and provided further that there would be no interference with other lands being used by Lessor. It is understood that the railroad company has the right to terminate the Lease of lands leased by Erie-Haven, Inc. from the railroad company. In the event of such termination either by the railroad or by Erie-Haven, Lessee shall be entitled to recover its unrecovered costs in connection with the concrete floor and loading dock (hereinabove identified) at the rate of Forty-Two Dollars ($42) per month for each month of unrecovered costs.

\* in the following events: (1) Termination of land lease by Ry. Co.; (2) Failure of lessee to pay rent; (3) Refusal of lessee to pay 25% of the increase in rent if there is an increase by Ry. Co.

8. *INSURANCE & DESTRUCTION OF BUILDING:* Lessor agrees, at its expense, to maintain fire and extended coverage insurance on the building being leased herein. In the event of the destruction of said building, Erie-Haven shall solely determine as to whether or not it will rebuild, and, if so, it shall have a period of one hundred twenty (120) days to restore said building and during said period of time during which Lessee has no use or occupancy of said building, the rent shall abate, but this Lease shall not be extended by virtue of such abatement. Nothing contained herein shall prohibit Lessor from terminating this Lease in the event if chooses not to rebuild."

Pursuant to this lease, lessee entered on the premises and made substantial improvements, entering into evidence a partial list totaling $74,871.25 and testifying as to other improvements receipts for which were destroyed in the fire bringing the total value of improvements to approximately $110,000.00 to $120,000.00. After the fire, Erie-Haven claimed a loss of $79,594.14. This figure was derived by negotiation after Erie-Haven presented replacement estimates which included cost for replacement of the original building plus the portion of the improvements added by Tippmann of which Erie-Haven was aware. Erie-Haven did not consult with nor verify these figures with Tippmann.

The issue now before the Court is whether the trial court erred in the division of the proceeds. No Indiana case addressing this issue under similar circumstances has been found nor referred to.

Property insurance is a contract for indemnity. As such it entitles the insured to recover for actual loss and, to the extent the coverage anticipates an advantage or benefit to the insured, it is void as against public policy. *Loving v. Ponderosa Systems, Inc.* (1985), Ind., 479 N.E.2d 531, 536. In order to maintain a valid insurance policy, the insured must have an

insurable interest in the property. *Loving v. Ponderosa, supra.* An insurable interest exists when one obtains a benefit from the existence of the property or would suffer a loss from destruction of the property. It is not essential that the insured hold title of any kind to the property. *United Farm Bureau Mut. Ins. Co. v. Blanton, supra,* Ind.App., 457 N.E.2d 609, 611. Both the lessor and the lessee have an insurable interest in the property which is the subject of the lease. *Tippmann Refrig. Const. v. Erie-Haven, Inc., supra,* Ind.App., 459 N.E.2d 407. The extent of the interest of each and thus the right to insurance proceeds is determined as of the time of the fire. *Third Establishment v. 1931 North Park Apts.* (1981), 93 Ill.App.3d 234, 48 Ill. Dec. 765, 417 N.E.2d 167, 173; 46 C.J.S. Insurance § 1140 (1946). *See also: New York, R. Co. v. Roper* (1911), 176 Ind. 497, 508, 96 N.E. 468.

■ Although the holding of an unexercised option does not create a present interest in property in the lessee, *Kritz v. Moon* (1928), 88 Ind.App. 5, 163 N.E. 112; *Raco Corp. v. Acme-Goodrich, Inc.* (1955), 235 Ind. 67, 131 N.E.2d 144, a lessee has an interest in the property to the extent of the unexpired term of the lease, *State v. Heslar, Extrx.* (1971), 257 Ind. 307, 274 N.E.2d 261. In addition, a lessee who makes improvements on the leased property, has an insurable interest in those improvements. 44 C.J.S. Insurance § 189(b) (1946); *Daeris, Inc. v. Hartford Fire Insurance Company* (1963) 105 N.H. 117, 193 A.2d 886; *Alexander Restaurant, Inc. v. New Hampshire Insurance Company of Manchester* (1947) 71 N.Y.S.2d 515, 272 App.Div. 346, *reargument den.,* 73 N.Y.S.2d 637, 272 App.Div. 996, aff'd 79 N.E.2d 268, 297 N.Y. 858; *Springfield Fire and Marine Insurance Company v. Republic Insurance Company* (1924) Tex.App., 262 S.W. 814; *Lumbermans Mutual Insurance Company v. Edmister* (8th Cir.1969) 412 F.2d 351, 354; *Bernhardt v. Boeuf & Berger Mutual Insurance Company* (1959) Mo.App., 319 S.W.2d 672.

■ Here Tippmann had made improvements and occupied the premises in a continuous and uninterrupted manner from the time of the improvements until the destruction of same. The lease was still unexpired as was the option to purchase at the time of the destruction. Tippmann therefore had a pecuniary interest in the improvements at the time of the destruction regardless of the contract provisions for ownership of the improvements at expiration or cancellation of the lease since neither had yet transpired. *See: Daeris, Inc. v. Hartford Fire Insurance Company, supra.* While the risk of eventual loss of an interest in the improvements at time of cancellation or expiration or exercise of option was placed on lessee by the lease in Paragraph 4, the risk of destruction of or damage to same during the interim was covered by the provisions for insurance at lessor's expense in Paragraph 8 and entitles lessee to recover the proceeds applicable to his interest.

■ The trial court determined the lessee was entitled to $57,546.56. Considering the extent of the improvements by lessee, the increased value of the property due to those improvements and the use of the value of those improvements by Erie-Haven to establish its loss, the award is within the evidence and consistent with the principles established in *Loving v. Ponderosa Systems, Inc., supra,* Ind., 479 N.E.2d 531, preventing a windfall to a lessor who has not suffered a loss to the extent of available proceeds and allowing equitable relief to a lessee who has complied with the terms of the lease and been injured substantially. Therefore, the basic division of proceeds is affirmed.

■ Appellant also alleges error in the awarding of pre-judgment interest. An award of pre-judgment interest is not generally considered a matter of discretion. *Moridge Mfg. Co. v. Butler* (1983), Ind. App., 451 N.E.2d 677, 683, *reh. denied.*

However, as discussed in *Moridge* there are several bases for such an award. Authority for the award may be statute or case law allowing interest where damages are liquidated or readily ascertainable by mathematical computation, *Moridge Mfg. Co. v. Butler, supra,* or based on the theory that the interest is to compensate the injured party for deprivation of the use of the funds. *Fort Wayne Nat. Bank v. Scher* (1981), Ind.App., 419 N.E.2d 1308, 1310–1311, *trans. denied.* However even where the award is based on the theory of loss by deprivation, as in this case, the application requires that the damages from the injury were ascertainable by a fixed standard. *New York, etc., R. Co. v. Roper, supra,* 176 Ind. at 510, 96 N.E. 468. In the present case the damages to the lessee were not ascertainable by a fixed standard comparable to that found in *Abex Corp. v. Vehling* (1983), Ind.App., 443 N.E.2d 1248, *reh. denied,* where the contract between the parties specified a 10% commission for Vehling. Therefore, the award of pre-judgment interest was not justified pursuant to the above standards and is reversed.

Affirmed in part and reversed in part.

STATON, P.J., and GARRARD, J., concur.