Paula S. BAILEY, Appellant–Plaintiff,

v.

SHELTER MUTUAL INSURANCE
COMPANY and Carl A. Bailey,
Appellees–Defendants.

No. 30A01–9211–CV–387.

Court of Appeals of Indiana,
First District.

June 23, 1993.

Briane M. House, Kightlinger & Gray,
Indianapolis, for appellant-plaintiff.

Lawrence McTurnan, McTurnan, Meyer,
Cadwell & Deer, Indianapolis, for appel-
lees-defendants.

BAKER, Judge.

Plaintiff-appellant Paula S. Bailey ap-
peals the entry of judgment on the plead-
ings against her and in favor of defendant-
appellees Carl A. Bailey, her ex-husband,
and Shelter Mutual Insurance Company.
As her sole assertion on appeal, Paula
claims a genuine issue of material fact

exists regarding whether she had an insurable interest in a particular piece of property.

## FACTS

In 1981, after securing a mortgage which provided for joint and several liability, Paula and Carl purchased a home located in Indianapolis. Shelter Mutual insured the property. Seven years later, amid allegations of abuse, Paula left Carl, taking with her only some clothes and a few hundred dollars from a joint savings account.

Paula remained hidden from Carl for the next fourteen months. During this time, Carl filed for dissolution of marriage and served Paula by publication. After Paula failed to contest the dissolution petition, on August 11, 1989, Carl was awarded all remaining marital property, including the Indianapolis real estate. Paula does not claim she did not receive notice of the dissolution petition and does not challenge the dissolution decree's validity. The court appointed a commissioner to sign Paula's name in order "to effectuate transfer of the real estate" from Paula and Carl jointly to Carl alone. *Record* at 111.

About four months later, before the commissioner's deed had been recorded, the home was destroyed by fire. After learning of the loss, Paula, still a named insured on Shelter Mutual's fire insurance policy, submitted a claim. Relying on the dissolution decree and the commissioner's deed, Shelter Mutual paid the entire fire insurance proceeds to Carl and the mortgagee, according to their respective interests. Having satisfied the mortgage (and thereby extinguishing Paula's exposure to liability), Shelter Mutual denied Paula's claim.

Paula sued Shelter Mutual for breach of contract. Paula claimed, and continues to claim, she had an insurable interest in the destroyed property and is entitled to a portion of the proceeds. Her motion for partial summary judgment was denied. Shelter Mutual's motion for judgment on the pleadings was granted. Paula appeals the entry of judgment on the pleadings against her.

## DISCUSSION AND DECISION

### A

We agree with the parties that because the trial court considered matters outside the pleadings, the motion must be treated as one for summary judgment and disposed of as provided by Ind.Trial Rule 56. Ind.Trial Rule 12(C).

The purpose of summary judgment is to resolve quickly and inexpensively those disputes in which no genuine issue of material fact exists and in which one party is entitled to judgment as a matter of law. *See* T.R. 56; Ind.Trial Rule 1. The party moving for summary judgment bears the burden of making a prima facie showing of the non-existence of a genuine issue of material fact and in doing so must specifically designate those materials he claims support his position. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190; T.R. 56(C). Once the movant meets this requirement, the burden shifts to the party opposing the motion to set forth specific facts showing the existence of a genuine issue for trial. *Oelling, supra;* T.R. 56(E).

On appeal from the grant of summary judgment, we face the same issues the trial court faced. We will scrutinize the trial court's determination to assure the losing party is not improperly denied his day in court. *Oelling, supra.* When considering the evidence, we resolve doubts in the light most favorable to the non-moving party. "On appeal, however, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous." *Id.* at 190.

### B

"An insurable interest exists when one obtains a benefit from the existence of the property or would suffer a loss from destruction of the property. It is not essential that the insured hold title of any

kind to the property." *Erie–Haven v. Tippman Refrigeration Construction* (1985), Ind.App., 486 N.E.2d 646, 650. The extent of the interest and thus the right to insurance proceeds is determined as of the time of the loss. *Id.*

Paula contends she is entitled to a portion of the fire insurance money because she was a title holder of record at the time of the loss and because she was liable under the mortgage. Neither argument is compelling.

We cannot dispute that on the day of the loss the new title giving Carl sole ownership of the property had not been recorded in the Recorder's office. We fail to see, however, how this fact makes a difference. Because it is undisputed Carl was the sole equitable owner of the destroyed property, Paula could receive no benefit from the property's existence. It cannot be said, therefore, that Paula's insurable interest arose because she "obtain[ed] a benefit from the existence of the property."

Any insurable interest Paula had, then, would have had to have arisen on account of her exposure to loss in the event of the property's destruction. On the day of the fire, Paula and Carl jointly and severally owed money on the mortgage; therefore Paula did, in fact, have an insurable interest, one limited to the extent of her exposure under the mortgage. Since the time of the loss, however, it is undisputed Shelter Mutual eliminated Paula's potential liability by satisfying the mortgage. If the trial court erroneously concluded Paula had no insurable interest, the error was harmless. Under these facts, when Shelter Mutual removed Paula's exposure to liability it satisfied its obligation to her and effectively precluded any claim she might have had for the fire insurance proceeds. Shelter Mutual properly denied Paula's claim.

Because there exists no genuine issue of material fact and because Shelter Mutual is entitled to judgment as a matter of law, we affirm the trial court's judgment.

Affirmed.

ROBERTSON and SHIELDS, JJ., concur.