THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STANLEY GOULD, Appellant.

First Department, March 15, 1966.

*Eric P. Sullivan* of counsel (*Anthony F. Marra,* attorney), for appellant.

*Arnold Kideckel* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

*Per Curiam.* The defendant was convicted of robbery in the first degree, two counts of assault in the second degree, burglary in the second degree, and grand larceny in the second degree.

As the case was presented, there was sufficient evidence to justify a finding of '' guilty '' by the jury, but cumulative errors require reversal and a new trial.

At the trial, a detective was permitted to testify to a conversation he had with the defendant on the day of the defendant's arrest. The detective testified as follows: '' I told him [the defendant] that he has been identified as the perpetrator of an assault and robbery and burglary at 1114 East 180th Street and asked him if he was there at this time ''. '' Section 393-b of the Code of Criminal Procedure  *  *  *  [permits] a witness to testify to a previous identification by himself, but it does not allow someone else — as, for example, a detective — to testify to a declaration of identification by another as evidence of guilt of a particular defendant ''. (*People* v. *Cioffi,* 1 N Y 2d 70, 73.) Although the detective did not testify directly with respect to a previous identification of the defendant, he, in effect, did so, by relating the conversation above quoted. Similar testimony was held to be inadmissible in *People* v. *Sullivan* (5 A D 2d 847) wherein the court held that the testimony of the detective, that

he told the defendant "that he had been 'identified' in a store robbery", to be reversible error. It is also to be noted that the error was compounded by the fact that the court referred to the detective's testimony in its charge. (See *People* v. *Jenkins*, 24 A D 2d 716.)

The detective further testified, that when the defendant was told he had been identified, he claimed that he had been in jail at the time of the commission of the crime. When the falsity of the statement was pointed out, the defendant then claimed he was in Harlem Hospital on that date. The falsity of the latter claim was proven at the trial by the testimony of a hospital employee, and corroborated by the hospital record, which was received in evidence. While the hospital record was pertinent only for the purpose of showing that the defendant's statement that he was in the hospital at the time of the crime was untrue, the jury was permitted to be apprised of a notation contained in that record that the defendant was "known as a narcotic addict". This, in our opinion, was error. The reference to the defendant as a "narcotic addict", in the hospital record was highly prejudicial and should not have been received into evidence, even in the absence of objection.

Finally, we note that the prosecutor in his summation stated, in referring to the victim's testimony, that "The testimony is uncontradicted that this man was in her apartment for twenty minutes." It is obvious that the only person who could have contradicted that testimony is the defendant, and he could do so only by taking the witness stand. Such remarks constitute improper comment on the defendant's failure to take the stand. As such it violates the defendant's statutory right not to testify without having a presumption created against him because of his failure to do so. (Code Crim. Pro., § 393.)

While it may very well be that in the circumstances of this case, any of the errors referred to, standing alone, would not warrant reversal, the cumulative effect of the several errors and their prejudicial effect require a new trial. We reach this conclusion notwithstanding the fact that proper objections and exceptions had not been taken (*People* v. *Kelly,* 12 N Y 2d 248; Code Crim. Pro., § 527).

Accordingly the judgment should be reversed and a new trial ordered, on the law and in the interest of justice.

BREITEL, J. P., RABIN, MCNALLY, EAGER and STALEY, JJ., concur.

Judgment of conviction unanimously reversed, on the law and in the interest of justice, and a new trial ordered.