# (December 19, 1968)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BLACKMAN, Appellant. APPEAL from a judgment of the Supreme Court, rendered July 11, 1966 in Bronx County, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

*Per Curiam.* The defendant was convicted, after a jury trial, of the crime of manslaughter in the first degree.

As the trial unfolded, however, at least two errors occurred that require reversal and a new trial.

First, the factual pattern indicates the defendant, on the afternoon of New Year's Day in the year 1966, visited the flat of a friend, intent on nothing but sociality. However, his exuberance offended another guest, one Milliman, who departed and awaited without, armed with a very large board, which could be described as a plank. When the defendant emerged, a fracas followed wherein Milliman, a man of huge proportions, broke the board over the defendant's head. The melee ended in the street when the defendant stabbed Milliman, causing his death. There are indications that the decased, Milliman, also wielded a bent rotisserie skewer. Yet, the Trial Judge failed to instruct the jury correctly on the issue of justification in the presence of an aggressor bent on the perpetration of a felony. The precedents maintain that where a felony is actually about to be committed, and here the record shows that the deceased was attacking the defendant with at least a plank, there is at law no duty to retreat before the defendant will be justified in committing homicide in self defense. (*People* v. *Ligouri*, 284 N. Y. 309.)

Secondly, the Assistant District Attorney, in his summation, improperly and in two instances adverted to the fact that there was only *one* witness who testified as to what took place, impliedly alluding to the fact that defendant did not testify. At one point the Assistant District Attorney invited the jury to scrutinize the record and they would find that the testimony of one eyewitness was "the only testimony that was presented which had reference to what took place." Again, referring to the single eyewitness, he characterized him as "the only person who took the stand." Although there were immediate objections by counsel for the defendant, the court made no timely intervention and

correction in clarification of the defendant's constitutional privilege not to testify without having a presumption created against him. In their context, the remarks being clearly an improper reference to the defendant's failure to take the stand, the defendant's statutory right was violated. (Code Crim. Pro., § 393; *People* v. *Leavitt,* 301 N. Y. 113, 118; *People* v. *Gould,* 25 A D 2d 160; *Anderson* v. *Nelson,* 390 U. S. 523; *Chapman* v. *California,* 386 U. S. 18; *Desmond* v. *United States,* 345 F. 2d 225.)

Accordingly, on these two grounds alone, the judgment should be reversed and a new trial ordered, on the law and in the interests of justice.

Stevens, J. P., Eager, Capozzoli, McGivern and Bastow, JJ., concur.

Judgment of conviction unanimously reversed and a new trial ordered, on the law and in the interests of justice.