**Jesse Morgan WILLIAMS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Correction, State of Florida, Respondent-Appellee.**

**No. 27677**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Oct. 3, 1969.

Edward M. Kay, Hollywood, Fla., for petitioner-appellant.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Charles Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

Petitioner-appellant Jesse Morgan Williams was charged in an Information with one other defendant for the crime of robbery. The matter proceeded to trial by jury, and Williams was found guilty and sentenced to confinement in the Florida State Prison for a term of fifty years. After exhaustion of state remedies, a writ of habeas corpus was filed in the United States District Court, and upon denial of the writ, this appeal was taken.

A summary of the facts is that a masked gunman went into the Coach House Harbor Restaurant in Pompano Beach, Florida, and there robbed the manager and cashier of the restaurant. A bus boy in the establishment happened to see what was occurring and exited to see a white Chevrolet with a man behind the wheel parked outside the building. While the bus boy was observing, the masked gunman ran out of the restaurant

in the direction of the white Chevrolet. The bus boy immediately entered the building but again exited in time to see the white automobile drive away. This information was furnished to the police and later, after a pursuit at an accelerated rate of speed, a white Chevrolet was apprehended with the appellant Williams behind the wheel of the auto. The person in the passenger's seat alighted from the Chevrolet, ran into the bushes, and was not captured.

The sole question in error the appellant Williams relies upon is the comments of the State Prosecutor during his closing argument in his alleged reference to Williams' failure to take the stand and testify in his own defense. During the closing argument, the following comment was made to the jury by the Prosecutor.

Prosecutor: " * * * Gentlemen, let me briefly just explain the order which the counsel will talk with you. When a defendant puts on no evidence or no testimony other than perhaps his own, he is entitled to the opening and closing arguments. If the defendant does in fact put on evidence or testimony other than himself, he is entitled, the State is entitled to opening and closing.

"Here we have the combination of both situations and for this reason I will have the opening statement so far as Joe Dumond is concerned and the closing statement as far as Joe Dumond is concerned, the defense counsel for Jesse Williams having put on no testimony or evidence is entitled to opening statement for Jesse Williams and of course closing statement for Jesse Williams and I will be sandwiched in between."

Later, the Prosecutor commented:

Prosecutor: "First of all, it has never been questioned that this robbery did occur on January 7th. Therefore, this stand uncontested, this stands as proved * * *.

" * * * I think it will be a question of fact, was Cooper robbed, and was the money taken and you heard

the testimony to the fact that somewhere in excess of $1600. was taken. This was never controverted in any way."

And lastly:

Prosecutor: " * * * We saw how the defendant Jesse Williams as a practical matter, was flatly caught red-handed. He did not get away. He was the unlucky one in this group.

"Now I am not sure just how they are going to supply the fact that he was driving the car, that all this stuff came out of these innocent men * * "

An objection was made by defense counsel to these remarks that were made by the Prosecutor.

The Florida Legislature has seen fit to adopt as its law Chapter 918.09 of the Florida Statutes which reads in pertinent part as follows:

" * * * but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf. * * * "

Under the Federal law, the Congress of the United States has seen fit to adopt a statute pertaining to the same matter. See 18 U.S.C. Sec. 3481. It is well settled in both Federal and Florida case law that "a comment made by a prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has been strictly regarded as an impingement on the substantial right of the defendant". Flaherty v. State, 183 So.2d 607 (Fla.App. 1966). See Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Desmond v. United States, 345 F.2d 225, 14 A.L.R.3d 718 (1 Cir., 1965); Trafficante v. State 92 So.2d 811 (Fla., 1957).

■ However, a study of the instant case reveals in our opinion that no statement by the Prosecutor during his closing argument could have been interpreted by the jury as a commentary on

Williams' failure to take the stand. As to Williams' complaint in regard to the Prosecutor's explanation of the procedural order of the closing arguments, we conclude that such was harmless. Actually, this directed the jury's attention to the fact that Williams put on no witnesses other than himself, rather than to his failure to testify. Had Williams testified, but put on no other witnesses, the explanation would have been the same. As to the other comments of the Prosecutor that are questioned, it is readily apparent that there are other sources of information that could and did come forward with data concerning the nature of the robbery and the driver of the automobile. Both Federal and Florida law permit arguments based on evidence and lack of evidence where contradiction could have come from sources other than testimony by the accused. Peeples v. United States, 341 F.2d 60 (5 Cir., 1965); State v. Jones, 204 So. 2d 515 (Fla., 1967).

Affirmed.