DAN ROWLEY *v*. STATE OF INDIANA.

[No. 971S274. Filed August 8, 1972.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

DEBRULER, J.—The appellant was tried by a jury in the Vanderburgh Circuit Court, the Honorable Steve Bach, Special Judge, presiding, and convicted of burglary in the first degree.

The evidence in this case against the appellant consisted primarily of an accomplice's testimony. This accomplice named the appellant as his partner in the crime charged in the affidavit, and testified in detail to the burglary in question. The appellant does not here question the sufficiency of the evidence in this case, but does argue that prosecutorial misconduct in this trial denied the appellant a fair trial.

The appellant's most compelling argument is that remarks made by the prosecuting attorney during his closing arguments constituted a comment upon the appellant's failure to testify in his own behalf. According to the agreed statement:

"Mr. Kiely had argued for sometime on what evidence there was concerning the guilt of the defendant and then made the remark that there had not been one bit of evidence from the witness stand that indicated the defendant was not guilty."

The appellant objected to this comment as follows:

"MR. BUNNER: Now the defendant moves for a withdrawal of the submission of this cause from the jury for misconduct on the part of the deputy prosecuting attorney in calling attention to the fact that the defendant did not take the witness stand as a witness in his own behalf. By making remarks to the effect that there has been not one bit of evidence from the witness stand that he is not guilty, this will create a bias and prejudice in the mind of the jurors that cannot be erased by admonition.

MR. KIELY: The deputy prosecuting attorney was arguing that the testimony from the witness stand and that all the testimony from the witness stand led to a guilty conclusion and that there was no evidence from any of the witnesses on the witness stand that indicated any other finding.

COURT: The court will overrule the motion and objection of the defendant."

We agree with the appellant that this remark violated his right to a fair trial and, therefore, order the conviction reversed. Indiana Code 1971, 35-1-31-3, being Burns § 9-1603, reads in relevant portion that:

"if the defendant do [sic] not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury. . . ."

As early as 1877, this Court, in reversing a conviction in which the prosecutor stated that he "would have been pleased to hear from the other side", stated that:

"We construe the statute to mean, that, when a defendant in a criminal cause declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial. . ." *Long* v. *State* (1877), 56 Ind. 182, 186.

This position has been reiterated many times since the statute was enacted. *Knopp* v. *State* (1954), 233 Ind. 435, 120 N. E. 2d 268; *Kiefer* v. *State* (1932), 204 Ind. 454, 184 N. E. 557; *Pollard* v. *State* (1929), 201 Ind. 180, 166 N. E. 654; *Davis* v. *State* (1928), 200 Ind. 88, 161 N. E. 375; *Davis* v. *State* (1925), 197 Ind. 448, 151 N. E. 329; *Blume* v. *State* (1900), 154 Ind. 343, 56 N. E. 771; *Coleman* v. *State* (1887), 111 Ind. 563, 13 N. E. 100; *Showalter* v. *State* (1882), 84 Ind. 562. This long standing prohibition against commenting on the silence of the accused was recently given constitutional dimension in *Griffin* v. *California* (1965), 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106, when the Supreme Court stated that the Fifth Amendment, in its bearing on the states through the Fourteenth Amendment, forbids comment by the prosecution on the accused's silence.

The State argues however, (1) that the remarks did not constitute a comment on the appellant's failure to testify, and (2) that even if the remarks were objectionable the court

properly admonished the jury in his closing instructions. We will address ourselves to these two questions in turn, noting that the State cites no authority for either argument.

The test for determining whether a remark in this area is objectionable has been variously stated in other jurisdictions. The test which goes the farthest in allowing the prosecution to remark on the accused's silence was recently restated in *U.S. ex rel. Leak* v. *Follette,* 418 F. 2d 1266 (2nd Cir. 1969), as follows:

> "Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." 418 F. 2d at 1269.

Even under this strict test it has generally been held that comment on the uncontradicted nature of the State's case is impermissible where the defendant alone could have contradicted the government's case, which is the situation here. See *U.S. ex rel. Leak* v. *Follette, supra,* and cases cited therein. We prefer the test which does not in such an obvious fashion place the burden on the accused to show that the jury *necessarily* took the comment to be related to his failure to take the stand. A more reasonable test, in our opinion, was stated in *Williams* v. *Wainwright,* 416 F. 2d 1042 (5th Cir. 1969), where the court stated that it is settled in both Federal and Florida law that:

> "a comment made by the prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has been strictly regarded as an impingement on the substantial right of the defendant." 416 F. 2d at 1043.

Under either of these tests, it is clear that the comment in question was impermissible.

The prosecutor's explanation that he was only referring to his own witnesses when he made the remark in question does not settle the question of what effect the comment had

on the jury. There is clearly no other inference that could be drawn in this case other than the inference that the prosecutor was speaking of the appellant. The prosecution relied primarily on the testimony of an accomplice who admitted entering the house in question with the appellant and taking several items including watches, rings and a small amount of money. Other than another young boy who testified for the State that he had driven the two to the house in question, the only person in a position to contradict the State's case was the appellant.

By the entry of his plea of not guilty the appellant indicated his intention to contradict all of the relevant State's evidence. By stating that "there had not been one bit of evidence from the witness stand that indicated the defendant was not guilty", the prosecutor used language of such a character "that the jury would naturally and necessarily take it as a comment on the failure of the accused to testify." *U.S. ex rel. Leak* v. *Follette, supra.* Surely the evidence from the State's witnesses would not be expected to indicate the innocence of the appellant.

Other jurisdictions, following both similar statutes and constitutional mandates, have erected safeguards similar to our own in this area. In *Desmond* v. *U.S.*, 345 F. 2d 225 (1st Cir. 1965), the following statement was made by the government in closing argument:

> "Those are the facts, the evidence. Incidentally, may I say to you that the evidence stands unimpeached and uncontradicted." 345 F. 2d at 226.

An objection was immediately lodged but overruled by the trial court. Judge Aldrich, speaking for the court, stated that the instruction given to the jury concerning the fact that no inference could be drawn from the appellant's failure to take the stand was not sufficient to correct this objectionable argument because:

"Correction of error should be as prompt and timely as possible—particularly where the error involves the infringement of a constitutional right, as this did. . . . The appellant promptly objected. The remedy, to be fully effective, should have been administered promptly.

Nor can we doubt that the government's statement that its witness' statement stood 'unimpeached and uncontradicted' constituted improper comment. No one but appellant . . . could have contradicted the government's witness." 345 F. 2d at 226-227.

The First Circuit Court of Appeals recently reiterated this position and strengthened it in *U.S.* v. *Flannery,* 451 F. 2d 880 (1st Cir. 1971), when they stated that after the date of the opinion:

"when it is apparent on the record that there was no one other than himself whom the defendant could have called to contradict the testimony, we shall not endeavor to weigh prejudice, but shall rule it prejudicial as matter of law, with a single exception. If the court interrupts the argument, instructs the jury fully on the defendant's constitutional right not to testify and the jury's obligation not to draw unfavorable inferences and, in addition, states to the jury that the U.S. Attorney was guilty of misconduct, we may find no prejudice; otherwise we will reverse." 451 F. 2d at 882.

This strong rule was announced because prior experience indicated that government attorneys persisted in ignoring the ruling in *Desmond, supra,* and continued to make prejudicial comments in this area. As the court said the government's "persistence in so doing, despite admonitions by trial judges as well as ourselves, produces a sense of futility." 451 F. 2d at 882.

Although we do not have that sense of futility in our State and do not therefore adopt the strong rule quoted above, we do agree, along with a great many other jurisdictions with the reasoning in *Desmond, supra. Rodriquez-Sandoval* v. *U.S.,* 409 F. 2d 529 (1st Cir. 1969) ; *U.S.* v. *Payne,* 299 F.

Supp. 256 (W. D. Pa. 1969) ; *Tanner* v. *U.S.*, 401 F. 2d 281 (8th Cir. 1968) ; *State* v. *Dymond* (1970), 110 N. H. 228, 265 A. 2d 9; *State* v. *Hart* (1969), 154 Mt. 310, 462 P. 2d 885; *Padgett* v. *State* (1969), 45 Ala. 56, 223 So. 2d 597; *People* v. *Blackman* (1968), 31 A. D. 2d 626, 295 N.Y.S. 2d 798; *People* v. *Gould* (1966), 25 A. D. 2d 160, 267 N.Y.S. 2d 966; *Lee* v. *State* (1956), 162 Cr. 489, 286 S. W. 2d 633; and cases cited in 14 A.L.R. 3d 723, and 24 A.L.R. 3d 1101.

The State contends further that the court's instruction on burden of proof amply admonished the jury concerning the defendant's rights, assuming prosecutorial misconduct. While the instruction referred to has little or nothing to do with the error alleged, the court did give to the jury the following instruction which is required by statute:

> "The defendant in this case has not taken the witness stand as a witness. Upon this question, I instruct the jury that the statute of our State reads as follows:
>
> The defendant is a competent witness to testify in his own behalf. 'But if the defendant does not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section.' "

However, this instruction at the end of the trial cannot take the place of a prompt admonishment to the jury in this area, *Desmond, supra,* for as we said in *Keifer* v. *State, supra:*

> "Where a prosecuting attorney, in his argument, comments, in violation of the statute (§ 2267, subd. 4, Burns Ann. Ind. St. 1926, Acts 1905, p. 584, § 235) upon the failure of the accused to testify, harmful error will be presumed unless the contrary is made to appear, but where it appears that reasonable and *prompt* measures are taken by the trial court to prevent any injurious effect from such improper remarks, it will be presumed in the absence of a contrary showing." (Emphasis added.) 204 Ind. at 463.

The judgment is reversed and this cause is remanded to the trial court and the trial court is instructed to grant a new trial.

Givan, Hunter and Prentice, JJ., concur; Arterburn, C.J., dissents without opinion.

NOTE.—Reported in 285 N. E. 2d 646.