JOHN T. EDWARDS *v.* STATE OF INDIANA.

[No. 2-1173A261. Filed May 29, 1975.]

*Michael Riley, Yarling, Winter, Tunnell, Robinson & Lamb,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Alan L. Crapo, Jr.,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—John T. Edwards, (Appellant) appeals from conviction of theft of property of value of less than One Hundred Dollars ($100.00), claiming prosecutorial misconduct.

## FACTS

The facts underlying Edwards' conviction for theft of a lady's coat from the Wm. H. Block Company valued at Sixty-Nine Dollars and Ninety Cents ($69.90) are not pertinent, because the only alleged reversible error concerns the failure of the trial court to grant Edwards' Motion for Mistrial because of improper remarks by the prosecutor in closing argument.

During the trial Edwards did not testify nor did any witnesses testify on his behalf.

During final argument the prosecuting attorney commented on the lack of contradictory evidence from the stand:

"And I submit that the evidence that you have heard from that stand—there is no reason why you should not believe each and every witness told the truth. *There is no contradictory evidence that you heard from that stand.* I would like for you to keep that in mind. *The only explanation* whatsoever that you have had in this case *were from* questions from *counsel* for the defense to the effect that, well what about a Layaway, what about this, what about that. *But, you haven't had any evidence— any testimony from the stand about why or why not somebody might not have had this property."*

Then in rebuttal the prosecuting attorney further stated:

"If the circumstances disclosed by the evidence can be explained on any reasonable theory—can be explained on any reasonable theory. *What evidence have you had from the stand* with regard to any explanation of the evidence you have heard from the State. I submit that it hasn't." (Emphasis supplied).

At this point Edwards' counsel objected, asked that the jury be excused and moved for a mistrial. Out of the presence of the jury the trial judge heard argument of counsel and overruled Edwards' Motion for a Mistrial. The jury was then returned and the prosecutor resumed final argument.

The jury was not admonished to disregard the prosecutor's comments concerning failure of contradictory evidence from the stand.

## ISSUE

The sole issue is:

Was it reversible error for the trial court to overrule Edwards' Motion for Mistrial on the grounds that the prosecutor's comments denied him a fair trial?

Edwards argues that the prosecuting attorney's comments were so prejudicial as to deny him a fair trial, and further that the judge's failure to admonish the jury compounded the prosecutor's error and that even if he had admonished the jury the harm would not have been corrected . . . all in

violation of IC 1971, 35-1-13-3, Ind. Ann. Stat. § 9-1603 (the Statute), which provides that failure of the defendant to testify shall ". . . not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury . . ."

The State's position is that the prosecuting attorney's remarks were not prejudicial and were invited by defense counsel's discussion of the circumstances of the case and his attempts to give reasonable explanations in lieu of testimony. Also, the State argues that if there was a violation it was not a "gross" one and after an examination of all the evidence, Edwards was properly convicted (harmless error).

## DECISION

CONCLUSION—The prosecutor's comments concerning the lack of contradictory evidence from the stand violated the statutory prohibition against comment on the failure of a defendant to testify on his own behalf and in the circumstances of this case constitute reversible error.

There is no need to gild the lily. We must reverse by virtue of the commanding precedent of *Rowley* v. *State* (1972), 259 Ind. 209, 211, 285 N.E.2d 646, 647, in which the court said:

> "According to the agreed statement: 'Mr. Kiely [the prosecutor] had argued for sometime on what evidence there was concerning the guilt of the defendant and then made the remark that there had not been one bit of evidence from the witness stand that indicated the defendant was not guilty.'"

The trial court had overruled the defendant's Motion for Withdrawal of Submission of the Cause from the Jury without admonishing the jury to ignore the prejudicial comment.

In reversing[1] the conviction, the Supreme Court recognized

1. "A more reasonable test, in our opinion, was stated in *Williams* v. *Wainwright*, 416 F.2d 1042 (5th Cir. 1969), where the court stated that it is settled in both Federal and Florida law that:

'a comment made by a prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has been strictly regarded as an impingement on the substantial right of the defendant.' 416 F.2d at 1043." *Rowley* v. *State* (1972), 259 Ind. 209, 213, 285 N.E.2d 646, 648.

the long standing rule that the Statute has been construed to mean that when a defendant in a criminal case declines to testify in his own behalf "absolute silence on the subject is enjoined on counsel in their argument on trial" . . . *Long* v. *State* (1877), 56 Ind. 192. A recent Court of Appeals case, *Bland* v. *State* (1973), 158 Ind. App. 441, 303 N.E.2d 61, can be added to the long list of precedents in Indiana and elsewhere prohibiting this kind of indirect comment . . . which from time to time appears to be too strong a temptation for prosecutors to resist.

The State's argument that the jury was properly admonished by the closing instructions is not supported by authority (and neither was a similar argument in *Rowley*).

Thus, Edwards was denied a fair trial and the judgment is reversed and the cause remanded to the trial court with instructions to grant a new trial.

Sullivan, P.J. and White, J. concur.

NOTE.—Reported at 328 N.E.2d 470.