THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO GARCIA, Also Known as PEDRO COTTO and JOHN DOE PERVUGO, Appellant.

First Department, March 23, 1976

*Daniel J. Bernstein* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Bruce M. Tenenbaum* of counsel *(Mario Merola, District Attorney),* for respondent.

STEVENS, P.J. This is an appeal from a judgment rendered September 14, 1973 in Bronx County (WARNER, J.) convicting defendant after a jury trial of the crime of selling a dangerous drug in the third degree and sentencing him to an indeterminate 10-year term of imprisonment, which conviction arises out of a sale of narcotics which occurred on March 20, 1973.

At trial, Pilar Ferrer, an undercover police officer assigned to the Narcotics Division, testified that, on March 20, 1973, he was taken by a confidential informant to 725 Fox Street in The Bronx. After signing a log book in the lobby, they proceeded to apartment 5G, then occupied by defendant. Officer Ferrer testified that he gave defendant the sum of $35 for the purchase of a quantity of heroin. Defendant sent a young boy from the apartment for the heroin while Ferrer waited in the apartment. When the boy returned and the heroin was deliv-

ered to Ferrer, the informant was not actually present, although he apparently was elsewhere in the apartment.

During Officer Ferrer's testimony, over defendant's objection, the public was excluded from the courtroom. At the conclusion of the People's case, a motion by defendant for the production of the informant was denied. The People offered to produce the informant for an *in camera* hearing before the Judge, but the offer was rejected by the defense.

On appeal, defendant claims that he was denied a fair trial because of the failure to direct disclosure of the informant's identity; that defense counsel was unreasonably restricted in his cross-examination of the witnesses; that the prosecutor in summation commented adversely upon defendant's failure to take the stand and distorted the evidence as to the circumstances of defendant's arrest some five months after the alleged sale; that it was constitutionally impermissible to exclude the public during Officer Ferrer's testimony; and, that the sentence imposed is excessive in light of the fact that this was defendant's first narcotics offense.

The Sixth Amendment to the Constitution of the United States declares that a defendant is entitled to a speedy and public trial. Under the Fourteenth Amendment that guarantee applies to the States as well *(Duncan v Louisiana,* 391 US 145). However, the right to a public trial is not an absolute right, nor does it demand such total recognition that exclusion of the general public for a relatively brief period constitutes an infringement of that right when the facts and circumstances so warrant.

Officer Ferrer, prior to and at the time of his testimony, was engaged in undercover narcotics investigations. The drug traffic is highly profitable and one engaged in ferreting out the sources of narcotics and the traffickers therein is embarked upon a dangerous venture. Disclosure of such person's identity will not only destroy his usefulness, but could jeopardize his life. Additionally, there is a sound public interest in stopping the traffic in drugs wherever possible, thereby protecting the health and promoting the general welfare of the public. Under the circumstances here present, we find no prejudicial error in the discretionary exclusion of the public *(People v Hinton,* 31 NY2d 71; *People v Hagan,* 24 NY2d 395, cert den 396 US 886; *People v Pacuicca,* 134 NYS2d 381, affd 286 App Div 996).

Whether the identity of the informant should have been disclosed poses a different question, although some of the

principles applicable to the exclusion of the general public when an undercover officer testifies might well be relevant to the judicial determination of whether or not to permit disclosure of the informant's identity. The identity of defendant as the seller was established by the testimony of Officer Ferrer. Since the informant was not present at the time of the actual transfer of the drugs, his testimony at most would have dealt with preliminaries. It does not appear from this record that disclosure of his identity was essential to a fair trial or even that it would have been of value to the defendant in the preparation or presentation of a defense. The role of the informant was to introduce the undercover officer to defendant and, by his presence, indicate that it was safe to deal with the officer. Beyond that, he took no active role in the proceeding either by way of instigation or encouragement. Before error or prejudicial error will be manifest, it must appear that the People's privilege of withholding disclosure was in some manner abused because disclosure would have been relevant to the crime charged and might have been helpful to the defense, or that nondisclosure materially affected the defendant's right to a fair trial *(Roviaro v United States,* 353 US 53). Otherwise, the flow of information which is essential to effective law enforcement would cease because of the dangers and risks involved.

According to Officer Ferrer's testimony, there were five other persons in defendant's apartment at the time of the sale. These persons presumably were known to defendant. While the People must prove the guilt of a defendant beyond a reasonable doubt and defendant is under no obligation to prove his innocence, yet disclosure of an informant's identity must appear warranted, either by an apparent weakness in the People's case or from a presentation by the defense *(People v Goggins,* 34 NY2d 163). Neither condition is met here. The offer of an *in camera* hearing with regard to the informant was rejected by the defense.

Defendant complains that the prosecutor in summation, stated that the evidence was uncontroverted and uncontradicted and that the implication was to fault the defendant for not taking the stand. The defendant has no obligation to testify and if the inevitable or only reasonable conclusion to be drawn from such a statement was that of an adverse comment on the defendant's failure to testify, reversible error would have been committed. We do not so construe the

remark. Moreover, no objection was taken to the People's summation, which failure would ordinarily preclude appellate review *(People v Cerrato,* 24 NY2d 1, 10; CPL 470.05, subd 2). The extent of cross-examination permitted is within the discretion of the trial court and upon review of the entire record, we conclude there was no abuse of that discretion.

The dissent cites a portion of the court's charge with respect to the defendant's status, if he testified, as an interested witness. That reference followed the court's definition of an interested witness and was cited as an example.

The court charged: "An interested witness is one who is personally concerned in the outcome of the litigation. It is for you to determine as a question of fact whether or not any witness was an interested witness and to determine what weight or credit they're entitled to.

"The defendant would be an interested witness."

At the conclusion of the charge, defense counsel objected to the court's reference to defendant as an interested witness.

In response, the court then charged:

"[Y]ou will recall that during the course of my charge, I stated that the defendant, were he to testify would be an interested witness.

"You must remember, however, that the defendant at no time is required to prove he's innocent. Neither is he at any time required to testify or offer any evidence whatsoever; and you are to draw no inference whatever from a defendant's failure to either testify or offer any evidence. Is that understood?"

Both prior to and subsequent to its reference to defendant as a possible interested witness, the court had charged as to the burden of proof and the presumption of innocence. Considering the charge as a whole, as we must, there was no prejudicial error committed. Finally, we have considered the other points raised by defendant and find them to be without merit.

Accordingly, the judgment rendered September 14, 1973, in the Supreme Court, Bronx County (WARNER, J.) should be affirmed.

CAPOZZOLI, J. (dissenting). In this case the only witnesses who testified for the People were four police officers. The defendant called no witnesses nor did he take the stand in his own defense. In the course of the summation the District

Attorney, emphasizing the alleged truthfulness of the testimony of the undercover policeman to whom a direct sale of narcotics was alleged to have been made by this defendant, said to the jury that such testimony was "uncontroverted and uncontradicted. There is nothing inconsistent. There is nothing which says 'No, that is not what happened.'" This certainly comes close to calling the attention of the jury to the fact that defendant did not take the stand to contradict what the officer had stated. *(Griffin v California,* 380 US 609; *People v Gould,* 25 AD2d 160; *People v Yore,* 36 AD2d 818.)

We are ready to concede that if these remarks of the prosecutor stood alone, while improper, the judgment below might well not have been disturbed. *(People v Yore, supra.)* As was said in the last cited case (p 818): "The only person who could have contradicted this testimony was the defendant. Hence the implications of the prosecutor's comment tended to violate defendant's rights under the Fifth Amendment of the United States Constitution [citing cases]. However, the court having made a timely intervention in clarification of the defendant's constitutional privilege, we find this error harmless beyond a reasonable doubt." There certainly was no clarification by the court in the case at bar. On the contrary, the court in charging the jury on the subject of interested witnesses addressed the jury as follows: "An interested witness is one who is personally concerned in the outcome of the litigation * * * *the defendant would be an interested witness.* [Emphasis supplied.]"

It is impossible to understand why this last sentence was necessary to give to the jury. Everyone knew the defendant had not taken the stand and by specifically referring to the defendant as an interested witness if he had taken the stand, which he did not, the court obviously must have caused some of the jurors, if not all, to wonder why he did not take the stand. It is difficult to believe that this resulted in no prejudice to the defendant. We are forced to the conclusion that defendant was indeed prejudiced in the eyes of the jury and was denied his constitutional rights to a fair trial. Therefore, since ordering a new trial does not release the defendant but merely insures that justice will be done, we conclude that there should be a reversal and a new trial held in the interests of justice.

We have noted that the majority has referred to the subsequent statement of the trial court to the effect that no refer-

ence was to be drawn from the failure of the defendant to take the stand. The damage had already been done and this subsequent statement did not help. In fact, it may have had the effect of emphasizing such failure to testify in the minds of the jurors.

KUPFERMAN and LANE, JJ., concur with STEVENS, P.J.; BIRNS and CAPOZZOLI, JJ., dissent in opinion by CAPOZZOLI, J.

Judgment, Supreme Court, Bronx County rendered on September 14, 1973, affirmed.